# UNITED STATES OF AMERICA
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| DONNA UHL, PERSONAL REPRESENTATIVE OF THE ESTATE OF LYNN UHL AND DONNA UHL, INDIVIDUALLY,<br><br>        PLAINTIFF,<br><br>PACIFIC EMPLOYER'S INSURANCE COMPANY,<br><br>        INTERVENING PLAINTIFF,<br><br>VS.<br><br>KOMATSU FORKLIFT CO. LTD., A FOREIGN CORPORATION, AND KOMATSU FORKLIFT U.S.A., INC.,<br><br>        DEFENDANTS. | The Honorable David M. Lawson<br><br>Docket Number:  04-CV10148BC |

| | |
|---|---|
| SKINNER PROFESSIONAL LAW CORPORATION<br>DAVID R. SKINNER (P20551)<br>STACI M. RICHARDS (P64566)<br>ATTORNEYS FOR PLAINTIFF<br>101 FIRST STREET-SUITE 105<br>POST OFFICE BOX 98<br>BAY CITY, MICHIGAN 48707-0098<br>(989) 893-5547<br><br>JOHNSON & JOHNSON, P.C.<br>ROY W. JOHNSON  (P39134)<br>ATTORNEYS FOR INTERVENING PLAINTIFF<br>755 W.  BIG BEAVER ROAD, STE. 516<br>TROY, MICHIGAN  48084-4903<br>(248) 362-0070 | FRED J. FRESARD (P43694)<br>JEFFREY T. GORCYCA (P48867)<br>ATTORNEYS FOR  DEFENDANTS<br>50 W. BIG BEAVER RD., STE 600<br>TROY, MICHIGAN 48084<br>(248) 687-5300 |

**MOTION TO ENFORCE JUDGMENT**

**And**

**REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 58(d)**

**And**

**MOTION FOR POSTJUDGMENT INTEREST**

Now Comes the Plaintiffs Estate of Lynn Uhl and Donna Uhl, individually, and Intervening Plaintiff Pacific Employers Insurance Company and moves this Honorable Court to Enforce the Judgment and states as follows:

1. The complaint in the matter was filed on June 21, 2004. (Exhibit A)

2. On May 26, 2006, the parties agreed to submit this case to binding arbitration. All parties signed the arbitration agreement. (Exhibit B)

3. The parties attended a three day arbitration and presented evidence on August 16, 17, and 18, 2006.

4. On August 29, 2006, the parties filed a stipulation with the Court to dismiss the case but to retain jurisdiction to enforce the judgment. (Exhibit C)

5. On August 30, 2006, the Court entered an order of dismissal stating that any party may reopen this matter for the purpose of enforcement and confirming the award. (Exhibit D)

6. On September 12, 2006, the arbitrators reached an award in favor of Plaintiffs and Intervening Plaintiffs against the Defendants in the amount of One Million Nine Hundred Thousand ($1,900,000.00) Dollars. (Exhibit D)

7. The arbitration award was faxed to the attorneys of all parties. (Exhibit D)

8. On September 16, 2006, Plaintiff and Intervening Plaintiff filed the judgment with the Court. (Exhibit E)

9. On or about September 17, 2006, attorney Roy Johnson attempted to contact defense counsel regarding payment of the arbitration award.

10. The Defendants did not respond.

11. On September 19, 2006, attorney Skinner sent a fax requesting information as to when to expect payment. The date at the top of the fax erroneously states May 16. An amended letter was sent on the 20th. (Exhibit F)

12. The Defendants have not responded.

13. On September 21, 2006 a second letter was sent by fax, mail, and email requesting communication. (Exhibit G)

14. Again, there has been no response.

Plaintiff and Intervening Plaintiff request that this Court enter the judgment in a separate document, enter an order for postjudgment interest, and enter a writ of execution to enforce the judgment.

Respectfully Submitted.

s/ Staci M. Richards (P64566)
Attorney for Plaintiff
Skinner Professional Law Corporation
101 First Street. Suite 105
PO Box 98
Bay City, MI 48707-0098
(989) 893-5547
staci@skinnerlex.com

s/ Roy W. Johnson (P39134) w/Permission
Attorney for Intervening Plaintiff
Johnson & Johnson, PC
755 W. Big Beaver Road, Ste 516
Troy, MI 48084-4903
(248) 362-0070

**BRIEF IS SUPPORT OF**

**MOTION TO ENFORCE JUDGMENT**

**And**

3

# REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 58(d)
# And
# MOTION FOR POSTJUDGMENT INTEREST

Pursuant to FRCP 58(d), Plaintiff and Intervening Plaintiff is requesting that the judgment against the Defendants in this matter is set forth in a separate document.

Further, Plaintiff and Intervening Plaintiff are requesting that this Court enforce the Award set forth by the arbitrators.

Pursuant to FRCP 69, "Execution" Plaintiff requests that this Court enter a nonperiodic garnishment to deliver to the insurance company of the Defendants and Garnishments sent to the Defendants. FRCP 69 states that the process to enforce the judgment shall be by writ of execution unless the Court directs otherwise and shall be in accordance with the practice and procedure of the state in which the district court is located.

In Michigan, a garnishment can be issued following the entry of judgment. MCR 3.101(B). In this case, because Defendants are insured, a non-periodic payment for the lump sum payment may be directed to the insurance company pursuant to MCR 3.101 (B)(2). The writ can be issued by the clerk once the judgment is filed. MCR 3.101(D). Plaintiff is requesting that the Judgment is entered with direction to the Clerk to issue a garnishment filed by the Plaintiff and Intervening Plaintiff pursuant to the procedures permissible in the State of Michigan.

Further, to enforce the judgment, Plaintiff and Intervening Plaintiff requests that this Court enter an order for post-judgment interest.

M.C.L.A § 600.6013; governs the award of interest from the date a complaint is filed requesting confirmation of an arbitration award and continues until the judgment rendered on the award is satisfied. *Gordon Sel-Way, Inc. v. Spence Bros., Inc.* 438 Mich. 488, 475 N.W.2d 704 (Mich.,1991). Post judgment interest is statutorily required. *Holloway Const. Co. v. Oakland County Bd. of County Road Com'rs,* 450 Mich. 608, 543 N.W.2d 923 (Mich.,1996).

M.C.L.A. 600.6013: states:

(8) Except as otherwise provided in subsections (5) and (7) and subject to subsection (13), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney.

(10) Except as otherwise provided in subsection (1) and subject

>to subsections (11) and (12), if a bona fide, reasonable written offer of settlement in a civil action based on tort is not made by the party against whom the judgment is subsequently rendered, or is made and is not filed with the court, the court shall order that interest be calculated from the date of filing the complaint to the date of satisfaction of the judgment.

Michigan's interest statute is remedial in nature and is to be construed liberally in favor of the prevailing party. M.C.L.A. § 600.6013; Perceptron, Inc. v. Sensor Adaptive Machines, Inc., 221 F.3d 913 (C.A.6.Mich.,2000).

On September 12, 2006, the arbitrators issued their decision in favor of the Plaintiffs and Intervening Plaintiffs and against the Defendants in the amount of $1,900,000.00. (Exhibit D) The effect of the award is final and binding as to all issues and claims that were raised or could have been raised in Plaintiff and Defendant's respective pleadings. (Exhibit B, ¶ 28)

The Arbitration Agreement specifically states:

>30. Consent and Entry of Order. The parties shall be deemed to have consented to the Arbitrator's judgment upon receipt of the arbitration decision. The arbitrator's decision may be entered in any state or federal court with jurisdiction over the parties dispute.

MCR 3.602(L) states that **the Court shall render judgment** giving effect to the award as corrected, confirmed, or modified. As set forth in the arbitration

6

agreement, the award is final and binding upon receipt of the Arbitration decision. According to subsection L, the judgment has the same force and effect, and **may be enforced in the same matter as other judgments**.

The Michigan Arbitration Act MCLA 600.5025, provides that the circuit courts have the authority to enforce the agreement and render judgment on an award pursuant to an agreement to arbitrate. This statute is incorporated by reference to the parties' arbitration agreement. (Exhibit B, ¶ 29)

### RELIEF REQUESTED

Wherefore, Plaintiff and Intervening Plaintiff requests that this Court enter the judgment, enter an order that there is postjudgment interest accumulating from the date of the arbitration award, enter an order that the Plaintiff and Intervening Plaintiff may enforce the judgment by following the Michigan Procedures for Garnishment and Execution. Issue a Garnishment to the Defendant's insurer for the award and post-judgment interest.

Respectfully Submitted.

> s/ Staci M. Richards (P64566)
> Attorney for Plaintiff
> Skinner Professional Law Corporation
> 101 First Street. Suite 105
> PO Box 98
> Bay City, MI 48707-0098
> (989) 893-5547
> dave@skinnerlex.com
>
> s/ Roy W. Johnson (P39134) w/Permission
> Attorney for Intervening Plaintiff
> Johnson & Johnson, PC
> 755 W. Big Beaver Road, Ste 516
> Troy, MI 48084-4903
> (248) 362-0070

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

    On:    Fred J. Fresard
            fred.fresard@det.bowmanandbrooke.com

            Jeffrey T. Gorcyca
            jeffrey.gorcyca@bowmanandbrooke.com

            David J. Gentile
            david.gentile@det.bowmanandbrooke.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

    On:    Roy W. Johnson
            Johnson & Johnson
            755 W. Big Beaver Road, Suite 516
            Troy, MI 48084-4903

                          s/Angela Van Nostrand
                          Case Manager for Staci M. Richards (P64566)
                          Skinner Professional Law Corporation
                          101 First Street, Suite 105
                          PO Box 98
                          Bay City, MI 48707-0098
                          (989) 893-5547
                          staci@skinnerlex.com, angela@skinnerlex.com