# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

DONNA UHL, personal representative
of the estate of LYNN UHL and DONNA
UHL individually,

        Plaintiff,

v

KOMATSU FORKLIFT CO. LTD.,
a foreign corporation, and
KOMATSU FORKLIFT U.S.A., INC.

        Defendants,

Case No.: 04CV10148BC
Hon.

DAVID H. LAWSON

2004 JUN 21 A 11:44 FILED

---

DAVID R. SKINNER (P20551)
Attorney for Plaintiff
101 1st St., Ste. 105
P.O. Box 98
Bay City, MI 48708
(989) 893-5547

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this Court.

## PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES, Plaintiff, DONNA UHL, personal representative of the estate of LYNN UHL and DONNA UHL individually by and through her attorneys SKINNER PROFESSIONAL LAW CORPORATION, for her cause of action against the above named Defendants, states as follows:

1

1.  That at the times pertinent hereto, Plaintiff, DONNA UHL, personal representative of the estate of LYNN UHL and DONNA UHL individually, is a resident of the City of Caro, County of Tuscola, State of Michigan.

2.  That at present and at all times pertinent hereto, Defendant, KOMATSU FORKLIFT CO. LTD., hereinafter referred to as "KOMATSU", is a Foreign Corporation doing business in Michigan, and having minimal contacts with the State of Michigan, and said Defendant committed affirmative acts or omissions, which proximately resulted in a tort occurring in City of Vassar, State of Michigan, and said corporation is otherwise within the jurisdiction of this Court.

3.  That at present and at all times pertinent hereto, Defendant, KOMATSU FORKLIFT U.S.A., INC., hereinafter referred to as "KOMATSU U.S.A.", is a Foreign Corporation doing business in Michigan, or having minimal contacts with the State of Michigan, and said Defendant committed affirmative acts or omissions, which proximately resulted in a tort occurring in City of Vassar, State of Michigan, and said corporation is otherwise within the jurisdiction of this Court.

4.  That on or about December 17, 2001 Plaintiff, LYNN UHL, was operating a Komatsu Forklift, model number, FG 35ST-6, serial number, 061121A, at his place of employment in Vassar, Michigan, and said forklift mast unexpectedly malfunctioned and failed resulting in severe injuries to plaintiff which ultimately resulted in his death.

5.  That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs, interest and attorney fees.

## COUNT I - NEGLIGENCE AND/OR GROSS NEGLIGENCE

6. That Defendants, in the design, manufacture, assembly, rebuilding, testing, inspection, sale and distribution of the aforementioned machine, had the following duties:

   a. To design, construct, manufacture, develop, distribute, sell, assemble, inspect, approve, test, install, guard, warn and instruct the users of the aforementioned machine in a proper and reasonably careful manner using due care so the said machine was safe to use;

   b. To design, construct, manufacture, develop, distribute, sell, assemble, inspect, approve, test, install, guard the aforementioned machine with necessary equipment, parts and apparatus, so the machine would be reasonably safe, and to warn and instruct users of the said machine of dangerous parts in normal use of the machine;

   c. To equip the aforementioned machine with available modern devices, fasteners, guarding materials and appurtenances;

   d. To adequately perform testing and research relating to the aforementioned machine as to its use, safety and defects before and after the design, manufacture, distribution, sale, testing, approval, assembly, rebuilding and installation of said machine;

   e. To design, manufacture, develop, assemble, distribute, test, inspect, approve, install, and sell the aforementioned machine so that it would have been reasonably fit for the use of intended, foreseeable uses, as well as foreseeable misuses;

   f. To provide proper warnings and instructions of the dangers and/or latent dangers in the operation of said machine;

   g. To warn users of the aforementioned machine of any hazards or dangers which may exist from the foreseeable use or foreseeable misuse in the use of said machine;

    i. To design, manufacture, test, approve and sell said machine in a reasonably safe, careful and prudent manner and to avoid negligence and gross negligence;

    j. To avoid conduct so reckless as to demonstrate a substantial lack of concern for whether injury results; and

    k. To act in a careful and prudent manner so as to avoid negligence in the design and manufacture, choice of materials and parts and sale of the aforementioned machine.

7. Defendant breached the aforementioned duties for the following reasons:

    a. Defendant failed to design, construct, manufacture, develop, distribute, sell, assemble, inspect, approve, test, install, guard, warn and instruct the users of the aforementioned machine in a proper and reasonably careful manner using due care the said machine was safe to use;

    b. Defendant failed to design, construct, manufacture, develop, distribute, sell, assemble, inspect, approve, test, install, guard the aforementioned machine with necessary equipment, parts and apparatus, so the said machine would be reasonably safe, and to warn and instruct users of the said leaflet inserter of dangerous parts in normal use of the said machine;

    c. Defendant failed to equip the said machine with available modern devices, fasteners, guarding materials and appurtenances;

    d. Defendant failed to adequately perform testing and research relating to the said machine as to its use, safety and defects before and after the design, manufacture, distribution, sale, testing, approval, assembly and installation of said machine;

    e. Defendant failed to design, manufacture, develop, assemble, distribute, test, inspect, approve, install, and sell the said machine so that it would have been reasonably fit for the use intended, foreseeable uses, as well as foreseeable misuses;

    f. Defendant failed to provide proper warnings and instructions of the dangers and/or latent dangers in the operation of said machine;

g. Defendant failed to warn users of the said machine of any hazards or dangers which may exist from the forseeable use or forseeable misuse of the use of the said machine;

h. Defendant failed to carefully design, manufacture, develop, distribute, sell, assemble, inspect, approve, test, warn and instruct the aforementioned machine in a careful and prudent manner but in fact acted so recklessly as to demonstrate a substantial lack of concern for whether injury results or otherwise grossly negligent;

i. Defendant failed to avoid conduct so reckless as to demonstrate a substantial lack of concern for whether injury results; and

j. Defendant failed to act in a careful and prudent manner so as to avoid negligence in the design and manufacture, choice of materials and parts and sale of said machine.

8. That as a direct and proximate result of Defendants' breach of the aforementioned duties, Plaintiff, LYNN UHL, sustained the following losses, all considered to be in the past, present and future:

a. Head, neck and chest paralysis;

b. Medical and hospital expenses;

c. Severe pain and suffering;

d. Severe emotional distress;

e. Severe embarrassment and humiliation;

f. Loss of enjoyment of life;

g. Loss of social pleasures;

h. Severe shock and depression;

i. Such further damages which arise or become known to Plaintiff and which Plaintiff is otherwise entitled.

5

9. The conduct of Defendant amounted to gross negligence, as demonstrated by their substantial lack of concern for whether injury resulted, willful and wanton behavior and/or an intentional tort, thereby entitling the Plaintiff to exemplary damages.

WHEREFORE, Plaintiff, DONNA UHL, personal representative of the estate of LYNN UHL and DONNA UHL individually, pray for judgement against Defendants, KOMATSU FORKLIFT CO. LTD., and KOMATSU FORKLIFT U.S.A., INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, interest and attorney fees.

## COUNT II - BREACH OF WARRANTY

10. Plaintiffs hereby incorporate paragraphs 1-9 above as though same had been fully set forth herein.

11. The Defendant impliedly warranted that the aforementioned machine would be fit for all of their intended uses and purposes and merchantable quality.

12. The Defendant breached said warranties of fitness since the said machine was not fit for their intended uses or purposes, and note of merchantable quality, and moreover, said equipment was designed in such a manner that it exposed those who came in contact with this equipment to an unreasonable risk of harm during the use and adjustment of said equipment.

13. That Defendant breached said warranties of fitness and merchantable quality because the said machine was inherently and latently dangerous and/or defective to all who came in contact with said equipment.

6

14. As a direct and proximate result of the breach of implied warranties by Defendant, Plaintiff, LYNN UHL, sustained the previously enumerated losses which are incorporated herein.

WHEREFORE, Plaintiff, DONNA UHL, personal representative of the estate of LYNN UHL and DONNA UHL individually,, pray for judgement against Defendant, KOMATSU FORKLIFT CO. LTD., and KOMATSU FORKLIFT U.S.A., INC. in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, interest and attorney fees.

## **COUNT III - LOSS OF CONSORTIUM**

15. Plaintiff hereby incorporates by reference paragraphs 1-14 inclusive as though the same were fully set forth herein.

16. That as a result of the injuries to her husband, LYNN UHL, Plaintiff DONNA UHL, has suffered the loss of love, companionship, affection, society, comfort, services and solace, and will continue to suffer the loss of those rights known as consortium.

17. As a proximate result of Defendants conduct and the injuries set forth in the above paragraphs, Plaintiff DONNA UHL, has been damaged in excess of Seventy-Five ($75,000.00) Dollars, together with costs, interest and attorney fees.

WHEREFORE, Plaintiff, DONNA UHL, personal representative of the estate of LYNN UHL and DONNA UHL individually, pray for judgement against Defendant, KOMATSU FORKLIFT CO. LTD., and KOMATSU FORKLIFT U.S.A., INC. in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs, interest and attorney fees.

Respectfully submitted,

SKINNER PROFESSIONAL LAW CORPORATION

By: /s/ David R. Skinner
DAVID R. SKINNER (P20551)
Attorney for Plaintiff
101 1st St., Ste. 105
P.O. Box 98
Bay City, MI 48708
(989) 893-5547

Dated:      May 19, 2004

## DEMAND FOR TRIAL BY JURY

NOW COMES, Plaintiff, DONNA UHL, personal representative of the estate of LYNN UHL, DONNA UHL individually,, by and through her attorneys, SKINNER PROFESSIONAL LAW CORPORATION, and hereby demand a trial by jury.

Respectfully submitted,

SKINNER PROFESSIONAL LAW CORPORATION

By: *(signature)*
DAVID R. SKINNER (P20551)
Attorney for Plaintiff
101 1st St., Ste. 105
P.O. Box 98
Bay City, MI 48708
(989) 893-5547

Dated: May 19, 2004