# UNITED STATES OF AMERICA
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

---

DONNA UHL, PERSONAL REPRESENTATIVE OF THE ESTATE OF LYNN UHL AND DONNA UHL, INDIVIDUALLY,

        PLAINTIFF,

PACIFIC EMPLOYER'S INSURANCE COMPANY,

        INTERVENING PLAINTIFF,

The Honorable David M. Lawson

Docket Number: 04-CV10148BC

---

vs.

KOMATSU FORKLIFT CO. LTD., A FOREIGN CORPORATION, AND KOMATSU FORKLIFT U.S.A., INC.,

        DEFENDANTS.

---

SKINNER PROFESSIONAL LAW CORPORATION
DAVID R. SKINNER (P20551)
STACI M. RICHARDS (P64566)
ATTORNEYS FOR PLAINTIFF
101 FIRST STREET-SUITE 105
POST OFFICE BOX 98
BAY CITY, MICHIGAN 48707-0098
(989) 893-5547

JOHNSON & JOHNSON, P.C.
ROY W. JOHNSON (P39134)
ATTORNEYS FOR INTERVENING PLAINTIFF
755 W. BIG BEAVER ROAD, STE. 516
TROY, MICHIGAN 48084-4903
(248) 362-0070

BOWMAN AND BROOKE LLP
FRED J. FRESARD (P43694)
JEFFREY T. GORCYCA (P48867)
DAVID J. GENTILE (P62171)
ATTORNEYS FOR DEFENDANTS
50 W. BIG BEAVER RD., STE 600
TROY, MICHIGAN 48084
(248) 687-5300

---

## AGREEMENT TO SUBMIT CONTROVERSY TO ARBITRATION

This agreement is made, as of the last signature date below, by Plaintiff Donna Uhl, Personal Representative of the Estate of Lynn Uhl and Donna Uhl, individually and Intervening Plaintiff Pacific Employer's Insurance Company and Defendants Komatsu Forklift Co., Ltd., a foreign corporation and Kotmatsu Forklift U.S.A., Inc., based on the

following:

Unless otherwise noted, the term "Plaintiffs" shall include the Plaintiff Estate, the Plaintiff Individual and the Intervening Plaintiff. Unless otherwise noted, the term "Defendants" shall include Defendant Komatsu Forklift U.S.A., Inc. and Defendant Komatsu Forklift Co., Ltd. Plaintiffs have asserted claims against Defendants arising from an alleged defect in Defendants' product, a Komatsu forklift truck, as is more fully set out in Plaintiffs' Complaints, incorporated here by reference, and Defendants have asserted defenses to the Plaintiffs' claims as is more fully set out in the various responses to Plaintiffs' Complaints and in Defendants' pleadings in the above-captioned matter.

The parties wish to resolve the controversies between them expeditiously by means of alternative dispute resolution.

In consideration of the mutual promises contained in this agreement, the parties agree to waive their constitutional right to a trial by jury and submit the controversies between them to binding arbitration before an Arbitration Panel, which is selected as set forth below.

The specific terms of the parties' agreement are as follows:

## ADMINISTRATION OF THE PROCEEDING

1. <u>Selection of Arbitrators.</u> The Arbitrators shall be selected as follows: Both Plaintiffs and Defendants shall select one Arbitrator each ("party-selected arbitrator(s)). Each party-selected arbitrator shall be a practicing attorney possessing experience in judicial litigation, a substantial portion of which experience shall involve product liability matters. The two party-selected arbitrators shall then choose a third neutral arbitrator, who shall chair the Panel's proceedings. In the event the two (2) selected arbitrators cannot come to an agreement as to the neutral arbitrator, the neutral arbitrator will be appointed by Judge Lawson pursuant to the following procedure: Plaintiffs and Defendants shall submit to each other the names of three potential neutral arbitrators. Plaintiffs and Defendants may each strike up to two arbitrators from the opposing list. Judge Lawson may select the neutral arbitrator from the arbitrators remaining on the list. If Judge Lawson does not feel that any of the remaining submitted arbitrators are appropriate he may select the neutral arbitrator. The third arbitrator may be a Magistrate Judge.

2. <u>Ethical Requirements.</u> The Arbitrators shall have no financial or personal interest in the result of this Arbitration. Prior to selecting the neutral arbitrator, the party-selected arbitrators shall disclose to all parties any referral agreements, financial dealings, or other relationships with any of the parties or parties' attorneys that could in any way be construed as a possible conflict of interest. After such disclosure, either party may demand that the conflicted arbitrator recuse him/herself, and a new arbitrator will be selected by the party who originally selected the recused arbitrator. The newly selected arbitrator is subject to the same ethical terms and procedures contained in this paragraph.

3. <u>Ex Parte Communication</u>  Plaintiffs and Defendants may contact their proposed arbitrator for the purpose of determining whether the proposed arbitrator is (1) willing to serve and (2) has no conflicts of interest. Except for providing the names of the parties and a simple statement of the case, neither Plaintiffs nor Defendants shall attempt to precondition their proposed Arbitrator; shall not provide any written materials to their proposed arbitrator and shall not seek a commitment from the selected arbitrator as to the decision(s) to be made. After each side has selected an acceptable arbitrator, they shall inform the opposing counsel in writing of the selection. Plaintiffs and Defendants will not have ex parte communication in any form with any of the arbitrators from and after their respective nominations of arbitrators. The neutral arbitrator will be responsible for coordinating all scheduling and for procedure to be utilized from an after his or her selection.

4. <u>Arbitrators' Compensation.</u> Each Arbitrator's compensation shall be established at the time of his or her appointment. Plaintiffs will be responsible for paying the fees of the Arbitrator they select; Defendants shall be responsible for paying the fees of the Arbitrator they select; and the parties shall each pay one-half of the neutral Arbitrator's fee, regardless of the outcome.

## SCOPE OF SUBMISSION TO ARBITRATORS

5. <u>Issues Presented.</u> The issues to be presented to and decided by the Arbitrators are those set forth in the basic pleadings, to wit: Plaintiffs' Complaints and Defendants' responsive pleadings all of which are a part of the court's file and filed prior to the date of this Agreement.

6. <u>Available Remedies.</u> The Arbitrators will have full power and authority to award any remedy to which either party would have been entitled had this dispute been resolved in court. Michigan product liability law shall apply to the issues of liability, causation and damages. In addition, the Arbitrators may award all costs and fees allowed under the Federal Rules of Civil Procedure.

7. <u>Final Decision.</u>  The arbitrators shall be the sole judges of all issues of law and fact. There can be no appeal from any decision made by the arbitrators except a claim of fraud or that the arbitrators, parties or their attorneys violated one of the provisions of this Agreement.

## PREHEARING PROCEDURE

8. <u>Ex Parte Communication</u>  See Paragraph 2, above.

9. <u>Discovery.</u> The parties have agreed to conduct expert depositions up to the date of Arbitration. Any party may take exert depositions, but obviously it is the intent of the parties to move this matter to hearing as quickly and economically as possible.

10. <u>Prehearing Submissions</u>. Each of the parties may submit pre-hearing arbitration briefs limited to fifty (50) pages per side. The Arbitration Panel shall establish the

date on which the briefs may be submitted. Testimony to be submitted upon deposition or affidavit may be provided to the Arbitrators prior to the hearing by attachment to the brief. In the brief, the parties shall list the witnesses it intends to call at the hearing live, and those the party intends to call by way of deposition or affidavit. The parties shall provide each other the opportunity to depose any witness on the party's list before the hearing. In the brief, each party will also provide a list of all exhibits the party intends to offer at the hearing. Any listed witnesses and exhibits may be called or offered at the hearing.

11. <u>Settlement Discussion</u> Offers made by any of the parties during settlement discussion made to date have not been accepted by either party and such offers, counter-offers, responses, or non-responses shall not be disclosed to the Arbitrators prior to their decision.

## THE ARBITRATION HEARING

12. <u>Hearing.</u> The hearing on the arbitration will take place at a mutually agreed upon time and place or as otherwise directed by the neutral arbitrator.

13. <u>Adjournment.</u> The arbitrators, for good cause shown, may postpone any hearing upon the request of a party or upon the Arbitrators' own initiative, and will also grant a postponement if both Plaintiff and Defendants agree. However, at all times the arbitrator must consider that one of the purposes of this process is to resolve disputes quickly.

14. <u>Order of Proceedings.</u> The neutral Arbitrator shall preside at the hearing. Plaintiffs shall present their cases first, to be followed by the presentation of Defendants. Each party shall be permitted to offer rebuttal witnesses and evidence.

15. <u>Evidence.</u> Evidentiary issues shall be resolved by the neutral mediator and governed by the Federal Rules of Evidence, which rules shall be liberally construed in the spirit of arbitration.

16. <u>Presentation of Proofs</u> The Arbitrators shall afford each party full and equal opportunity to present material or relevant proofs and to cross-examine witnesses. After the examinations, the arbitrators may ask questions of the witnesses if they desire. The Arbitrators shall be the judge of the materiality, relevancy, and weight of the evidence offered, and the credibility of witnesses.

17. <u>Oaths.</u> The Arbitrators shall require all witnesses to testify under oath and shall administer such oaths as authorized by law.

18. <u>Representation by Counsel.</u> The Parties shall have the right to be represented by counsel at all phases of the arbitration proceeding.

19. <u>Testimony by Deposition, Affidavit or Teleconference.</u> Provided the Parties agree to permit a particular witness to testify by deposition, affidavit or telephone, witnesses may testify by deposition, affidavit or telephone.

20. <u>Closing Arguments</u> Closing arguments may be permitted within the discretion of

the Arbitrators.

21. <u>Post Arbitration Hearing Briefs</u> No post-arbitration briefs will be permitted.

22. <u>Subpoenas.</u> The parties may subpoena witnesses or documents for the hearing, and the Arbitrators shall execute such subpoenas, as permitted by law.

23. <u>Closing of the Hearing.</u> The Arbitrators shall satisfy themselves that there is nothing further to be considered before closing the hearing. That is, the Arbitrators may ask whether any party has any further exhibits, documents, or witnesses. When the Arbitrators are satisfied that the record is complete, they will close the hearing.

24. <u>Stenographic Record.</u> There will be a stenographic record of the proceedings only if Plaintiff or Defendants request it. The party that requests the stenographic record must pay the cost of the court reporter to produce such a record. If the other party wants a copy of the stenographic record, the cost will be shared equally by both parties.

## THE ARBITRATORS' AWARD

25. <u>Basis of Award.</u> The Arbitrators will base their decision and award on the facts presented during the hearing and controlling principles of applicable law. The Arbitrators shall make credibility determinations as necessary. The award shall be in writing, shall be signed by the Arbitrators, and shall include factual findings and conclusions of law concerning each of the parties' respective claims for relief. The vote of at least two Arbitrators is necessary to issue a decision.

26. <u>Form of Award</u> Any award to the Plaintiffs shall be made jointly to the Individual Plaintiff, Estate and Insurance Company, and the award form shall allow for allocation of fault and damages among parties and non-parties consistent with Michigan product liability law. Plaintiffs collectively have agreed on the division of the award between the individually named Plaintiffs. In the event interest, costs or attorney fees are awarded those amounts shall be separately stated from the gross amount of any award given.

27. <u>Delivery of Award.</u> The award shall be mailed or delivered to each party's attorney no later than 14 days after the close of the hearing. An opinion containing findings of fact and conclusions of law is not required.

28. <u>Effect of Award.</u> The award shall be exclusive, final, and binding to all issues and claims that were raised or could have been raised in Plaintiff's and Defendants' respective pleadings. The award shall extinguish all other rights of the parties with respect to that subject matter, whether grounded in federal or state statutes, common law, or otherwise. However, a party may file an action for civil contempt in the event the Arbitrators' award is violated.

## MISCELLANEOUS

29. <u>Applicability of Arbitration Statute.</u> The proceeding under this Agreement shall be deemed an arbitration proceeding subject to the Michigan Arbitration Act, MCL 600.5001 et seq., the Federal Arbitration Act, 9 USC 1 et seq., and MCR 3.602. The Arbitrators shall have all of the powers granted them under those statutes.

30. <u>Consent and Entry of Order.</u> The parties shall be deemed to have consented to the Arbitrators' judgment upon the receipt of the arbitration decision. The arbitrators' decision may be entered in any state or federal court with jurisdiction over the parties and the dispute.

31. <u>Interpretation.</u> The arbitrators shall have exclusive discretion to interpret and apply the rules and procedures set forth herein.

32. <u>Existing Orders.</u>  All orders entered by the Honorable Judge David M. Lawson that are relevant to the arbitration and do not conflict with the terms of this Agreement shall remain in effect until the further order of Judge Lawson.  To the extent an order conflicts with a provision of this agreement, the terms of this agreement shall control.

## ACKNOWLEDGMENT AND MUTUAL RELEASE OF CLAIMS

33. <u>Acknowledgment.</u> All parties acknowledge and affirm that they are entering into this Agreement, and the arbitration proceeding described herein, knowingly, voluntarily, and after full consultation with counsel. The parties further acknowledge and affirm that they understand and agree that the Arbitrators' award will be exclusive, final, and binding, and that any further claim of Plaintiffs, vis-à-vis Defendants, or claim of Defendants vis-à-vis Plaintiffs, shall be governed by this Agreement and subsequent arbitration decision.

34. <u>Dismissal of Claims.</u>  The parties agree to sign the necessary stipulation to dismiss with prejudice their claims currently pending in the civil case above captioned upon satisfaction of the terms of any award that may be determined in this matter, subject to Paragraph 31: <u>Existing Orders</u>.

35. <u>Mutual Release.</u>  Upon satisfaction of the terms of any award that may be determined, Plaintiffs will release Defendants, their shareholders, directors, officers, employees, agents, insurers, related and affiliated entities, representatives and attorneys whether current or past from any further claims, liabilities, or causes of action of any kind whatsoever, whether known or unknown, past or present, asserted or unasserted, arising from or relating to Plaintiffs claims set forth in the pleadings in the above captioned matter.

36. <u>Jurisdiction.</u>  The Northern Division, Eastern District of Michigan, the Honorable David M. Lawson shall enter an order for dismissal without prejudice on the condition that the Court shall retain jurisdiction of this matter for the purpose of resolving any disputes regarding scheduling of the arbitration, for enforcement of any subpoenas to compel attendance at the hearing as well as for enforcing any award entered by the Arbitrators.  With the exceptions stated, the Court shall enter

an order of dismissal with prejudice upon payment of the arbitration award, if any.

37. <u>Binding Agreement.</u> This document contains the entire agreement between the parties. The terms of this Agreement are contractual and not a mere recital. No promise, inducement or representation other than what is set forth in this Agreement has been made, offered or agreed upon by either party. The parties have fully read the foregoing agreement in its entirety, have been fully advised by their counsel, know and understand the contents and sign the same as their free act and deed.

Dated:_____,2006

By: _____
David R. Skinner (P20551)
Attorney for Donna Uhl individually and as Representative of the Estate of Lynn Uhl

Dated:_____,2006

By: _____
Roy W. Johnson (P39134)
Attorney for Pacific Employer's Insurance Company

Dated:_____,2006

By: _____
David J. Gentile (P62171)
Attorney for Defendants Komatsu Forklift Co., Ltd and Komatsu Forklift U.S.A., Inc.

an order of dismissal with prejudice upon payment of the arbitration award, if any.

37. <u>Binding Agreement.</u> This document contains the entire agreement between the parties. The terms of this Agreement are contractual and not a mere recital. No promise, inducement or representation other than what is set forth in this Agreement has been made, offered or agreed upon by either party. The parties have fully read the foregoing agreement in its entirety, have been fully advised by their counsel, know and understand the contents and sign the same as their free act and deed.

Dated: MAY 26 ,2006

By: *(signature)*
David R. Skinner (P20551)
Attorney for Donna Uhl individually and as Representative of the Estate of Lynn Uhl

Dated:_____,2006

By: _____
Roy W. Johnson (P39134)
Attorney for Pacific Employer's Insurance Company

Dated:_____,2006

By: _____
David J. Gentile (P62171)
Attorney for Defendants Komatsu Forklift Co., Ltd and Komatsu Forklift U.S.A., Inc.

an order of dismissal with prejudice upon payment of the arbitration award, if any.

37 Binding Agreement. This document contains the entire agreement between the parties. The terms of this Agreement are contractual and not a mere recital. No promise, inducement or representation other than what is set forth in this Agreement has been made, offered or agreed upon by either party. The parties have fully read the foregoing agreement in its entirety, have been fully advised by their counsel, know and understand the contents and sign the same as their free act and deed.

Dated:_____,2006

By: _____
David R. Skinner (P20551)
Attorney for Donna Uhl individually and as Representative of the Estate of Lynn Uhl

Dated:_____,2006

By: _____
Roy W. Johnson (P39134)
Attorney for Pacific Employer's Insurance Company

Dated:_____,2006

By: _____
David J. Gentile (P62171)
Attorney for Defendants Komatsu Forklift Co., Ltd and Komatsu Forklift U.S.A., Inc.

an order of dismissal with prejudice upon payment of the arbitration award, if any.

37. Binding Agreement. This document contains the entire agreement between the parties. The terms of this Agreement are contractual and not a mere recital. No promise, inducement or representation other than what is set forth in this Agreement has been made, offered or agreed upon by either party. The parties have fully read the foregoing agreement in its entirety, have been fully advised by their counsel, know and understand the contents and sign the same as their free act and deed.

Dated:_____,2006

By: _____
David R. Skinner (P20551)
Attorney for Donna Uhl individually and as Representative of the Estate of Lynn Uhl

Dated:_____,2006

By: _____
Roy W. Johnson (P39134)
Attorney for Pacific Employer's Insurance Company

Dated: MAY 26 ,2006

By: _____
David J. Gentile (P62171)
Attorney for Defendants Komatsu Forklift Co., Ltd and Komatsu Forklift U.S.A., Inc.